IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


HENRY DAVIS, DOUGLAS COLEMAN, )
AARON FILLMORE, JEROME JONES, )
DESHAWN GARDNER, and PERCELL )
DANSBERRY, )
                                  ) Case No. 16-cv-600-SCW
              Plaintiff, )
                                  )
vs. )
                                  )
JOHN BALDWIN, )

              Defendants.

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

      Before the Court are three pending motions: a motion to enter Plaintiffs' proposed ESI protocol (Doc. 51), Defendant's motion for an extension of time regarding the ESI protocol (Doc. 53), and Defendant's motion for extension of time to respond to discovery requests (Doc. 57). The Court held a hearing on January 24, 2017. The following memorializes the Court's findings and rulings at that hearing.

      Since the filing of Defendant's motion for extension of time to submit an ESI protocol, Defendant has responded to Plaintiffs' motion for ESI protocol and has provided the Court with a copy of Defendant's proposed ESI protocol. What is clear to the Court, however, is that the parties have not met and conferred on various issues raised by the competing ESI protocols. It appears that some of the issues, including whether the documents are acceptable in native format, can be solved by a simple meet

and confer.[1]  The parties have a scheduling meet and confer set for January 25, 2017. At that meet and confer the parties are **DIRECTED** to discuss issues related to the ESI protocol, including sources of information, custodians, search terms, and formatting. Defendant should have a representative from the Department of Innovation and Technology (DOIT) at the meeting to answer any specific questions about IDOC's search and production capabilities.  Litigation counsel for Defendant should also be in direct contact with the DOIT representative.  Parties are to provide a proposed joint ESI protocol, or their competing versions if they cannot agree, prior to the next scheduled hearing.  If briefing on the topic is necessary, the Court will set a schedule at that time.

As to outstanding discovery requests, defense counsel indicated that he submitted discovery responses on a CD in the mail on Friday evening, January 20, 2017. Plaintiffs' counsel have not yet received the responses and have only received thirty-one pages of objections from the defense.  The parties are to meet and confer about those discovery responses and objections beginning at the conference set for January 25, 2017. In addition to the specific requests, the parties are **DIRECTED** to meet and confer regarding the proper limits of discovery, in regards to time, for this case.  The defense has proposed that discovery be limited to five years from January 2, 2017, but Plaintiffs argue that IDOC paid for a study on the use of extreme isolation in their facilities by the Vera Institute of Justice in 2007-2008, with the results of that study released in 2011-2012. Thus, there is reason to conclude that discovery could be relevant going back to at least

---

[1] The Court recognizes the Plaintiffs have met the Court's deadlines while Defendant has not.

2007 but the Court will not impose any hard dates limiting discovery until the parties have met and conferred on the topic.

The next discovery dispute conference is set for **February 10, 2017 at 10:45 a.m.** The Court **FINDS AS MOOT** the three pending motions related to ESI and discovery.

**IT IS SO ORDERED**.
DATED: January 25, 2017.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge
