# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY DAVIS, DOUGLAS COLEMAN, AARON FILLMORE, JEROME JONES, DESHAWN GARDNER, and PERCELL DANSBERRY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN BALDWIN, Acting Director of the Illinois Department of Corrections,<br><br>Defendant. | Case No. 3:16-cv-0600-SCW<br><br>Hon. Stephen C. Williams |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and this Court's January 29, 2018 order, Plaintiffs Henry Davis, Douglas Coleman, Aaron Fillmore, Jerome Jones, DeShawn Gardner, and Percell Dansberry (collectively "Plaintiffs"), through their undersigned counsel of record, hereby submit the following Requests for Admission to Defendant John Baldwin, ("Defendant Baldwin") in his official capacity. Plaintiffs request that Defendant Baldwin answer the Requests for Admission by February 26, 2018 in accordance with Docket Entry No. 113.

## DEFINITIONS

In addition to the Federal Rules of Civil Procedure and the Local Rules of this Court, the following definitions apply to these requests.

1. "Defendant" shall mean John Baldwin, in his official capacity as Acting Director of the Illinois Department of Corrections, and all of his predecessors and successors in their official capacities as either Acting Directors or Directors of the Illinois Department of Corrections.

2. "IDOC" shall mean the Illinois Department of Corrections and all past or present directors, officers, and employees thereof.

3. "Prisoner" or "prisoners" shall mean any person in the custody or control of the IDOC or who has been in the custody or control of the IDOC at any time from January 1, 2006 to the present.

4. "Extreme isolation" shall include disciplinary segregation, temporary confinement, investigative status, administrative detention, or any other condition in which an Inmate is removed from general population and is denied the fill rights, privileges, and/or access granted to inmates in general population.

5. "Vera" shall mean the Vera Institute of Justice, and all predecessors or successors thereof, all parents, affiliates, and subsidiaries of Vera; and all past or present directors, officers, employees, agents, representatives, or persons acting on behalf of any of the foregoing.

6. "Vera Study" shall mean the study conducted by Vera on IDOC's extreme isolation population beginning on or around April 15, 2010 and continuing through on or around April 14, 2013, as described by a Memorandum of Understanding executed by former IDOC Director Michael Randle on May 11, 2010.

7. "Tamms ADS prisoners," "prisoners assigned to ADS at Tamms Correctional Center," and "ADS prisoners at Tamms" shall mean and refer to the population of prisoners that was previously housed at IDOC's Tamms Correctional Center prior to its closure in 2013 regardless of their subsequent transfer to or placement in other IDOC facilities.

8. As used herein, "you" or "your" refers to Defendant, including but not limited to, officers, employees, agents, and representatives of Defendant and/or IDOC, and anyone else acting on Defendant's behalf or on behalf of IDOC.

## INSTRUCTIONS

In addition to the Federal Rules of Civil Procedure and the Local Rules of this Court, the following instructions apply to these requests.

1. As to each statement, Defendant shall specifically admit or deny the statement. If Defendant qualifies his answer or denies any part of the matter for which admission is requested, Defendant shall specifically identify and admit so much of the statement that is true and qualify and/or deny the remainder.

2. If Defendant objects that a term or phrase is vague or ambiguous, Defendant shall respond with his understanding of the term or phrase and specifically admit or deny the statement.

3. These requests are continuing in nature and require supplementation pursuant to the Federal Rules of Civil Procedure.

## REQUESTS FOR ADMISSION

### REQUEST TO ADMIT NO. 1

Admit that you did not "[r]evise the Administrative Directive to limit the use of DS and the amount of time given for each rule violation" including limiting the "[m]aximum amount of DS time for 100 level violations [to] 180 days," the "[m]aximum amount of DS time for 200 level violations [to] 90 days," the "[m]aximum amount of DS time for 300 and 400 level violations [to] 15 days," and "[i]nclud[ing] training for staff on changes to the Administrative Directives to ensure compliance with new internal policies" in accordance with Vera's recommendations made on or around February 2012 as part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

### REQUEST TO ADMIT NO. 2

Admit that you did not "[r]eview all current DS and ADS cases to determine if they comply with all segregation policy changes" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 3**

Admit that you did not "[r]eview all DS sentences to ensure correspondence with revised guidelines for 100-600 violations" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 4**

Admit that you did not "[r]eview all males currently in long-term DS to see if they meet criteria for ADS; [and] if not, [modify] their sentence" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 5**

Admit that you did not "[r]eview all current Tamms ADS prisoners to see if they meet the new ADS criteria; [and] if not, move to an appropriate status and facility/unit" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 6**

Admit that you did not "[r]evise policies regarding use of temporary confinement (TC)" including by "[issuing] Offender Disciplinary Reports [] within 24 hours" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 7**

Admit that you did not "[r]evise policies regarding use of temporary confinement (TC)" including by "[holding an] [i]nitial hearing [] within 72 hours to determine if TC is necessary pending [an] Adjustment Committee or Program Committee hearing" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 8**

Admit that you did not "[r]eplace use of TC by alternative strategies within the facility/unit whenever possible" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 9**

Admit that you did not "[r]evise policies for placement in ADS to mirror policies in use by [the Department of Corrections] in Ohio and Mississippi" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 10**

Admit that you did not "[r]evise policies for placement in ADS [by] [i]ncorporat[ing] promising practices from the Maryland Department of Public Safety and Correctional Services" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 11**

Admit that you did not "[s]tandardize wardens' authority to reduce the amount of time served in DS based on an agreed-upon plan with the prisoner" and "draft and implement a formal policy for use" in accordance with the recommendations made by Vera on or around February

2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

## REQUEST TO ADMIT NO. 12

Admit that you did not "[h]ouse all male prisoners assigned to long-term DS (90 days or more) at Pontiac Correctional Center guided by Vera's/IDOC's simulations" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

## REQUEST TO ADMIT NO. 13

Admit that you did not "[h]ouse all male prisoners assigned to ADS at Tamms Correctional Center with enhanced service delivery, programming, and Behavioral Modification in terms of incentives and privileges" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

## REQUEST TO ADMIT NO. 14

Admit that you did not "[r]equire the Regional Deputy Director and the Chief of Operations to approve all transfers to and from Pontiac" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

## REQUEST TO ADMIT NO. 15

Admit that you did not "[r]evise Pontiac housing policies for DS prisoners to require that the warden and IDOC interdisciplinary team approve all within-facility transfers, with the assistance of the Transfer Coordinator's Office" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 16**

Admit that you did not "[p]lace all incoming DS prisoners [at Pontiac] in the West Wing (intermediate level) unless behavior is threatening to staff" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 17**

Admit that you did not "[t]ransfer prisoners [at Pontiac] to North Wing (most restrictive level) only for serious violations and disruptions while in DS upon approval of the warden and the IDOC multi-disciplinary team" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 18**

Admit that you did not "[t]ransfer prisoners [at Pontiac] to East Wing (least restrictive level) based on positive behavior" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 19**

Admit that you did not "[c]reate wing-based housing program for ADS prisoners at Tamms that is similar to the Pontiac plan" that includes "mental health housing, programming space, and an expanded ADRMP Step Down Program for ADS prisoners" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 20**

Admit that you did not "[p]rovide all ADS and long-term (more than 30 days) DS prisoners a document outlining the rules, regulations, and behaviors required to reduce segregation time and obtain release to general population, including an expected release date from ADS or long-term DS status, given compliance" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 21**

Admit that you did not "[r]equire an IDOC multi-disciplinary segregation team to review [the document described in Request to Admit No. 20] in a face-to-face, out-of-cell meeting with the prisoner within the first 5 days of transfer to segregation status" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 22**

Admit that you did not "[p]rovide face-to-face reviews every 60 days to all prisoners assigned to ADS and long-term DS" that "[i]ncluded assessment of progress, time reduction/release updates, and program plans" and "[p]rovide[d] prisoners copies of all relevant placement and review documents" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 23**

Admit that you did not "[o]ffer recreation and showers to all prisoners in segregation in compliance with ACA standards" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 24**

Admit that you did not "[e]xpand use of ADRMP Step Down Program and other programs for prisoners being released [from] DS including [i] [g]raduated opportunities for monitored interaction with other prisoners near the end of a segregation sentence [and] [ii] [p]risoners being escorted but not cuffed for the last 30 days of their time in DS or ADS given good behavior" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 25**

Admit that you did not "[a]dminister mental health evaluations within 7 days of admission to DS for all prisoners receiving long-term DS" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 26**

Admit that you did not "[e]nhance mental health services for prisoners in segregation at [...] Menard[] and Stateville" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 27**

Admit that you did not "[e]nhance mental health services for prisoners in segregation at [...] Menard[] and Stateville [by] [d]etermin[ing] approximate mental health population at each facility [and] [b]ased on that number, determin[ing] the number of licensed professionals needed at each facility" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 28**

Admit that you did not "[e]nhance mental health services for prisoners in segregation at […] Menard[] and Stateville [by] develop[ing] dedicated housing, services, group treatment, and programming for mentally-ill prisoners in segregation" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 29**

Admit that you did not "[e]nhance mental health services for prisoners in segregation at […] Menard[] and Stateville [by] mandat[ing] out-of-cell visits with a mental health worker" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

**REQUEST TO ADMIT NO. 30**

Admit that you did not "[e]nhance mental health services for prisoners in segregation at […] Menard[] and Stateville [by] develop[ing] a housing plan for mentally ill prisoners in segregation to separate them from non-mentally ill population" in accordance with the recommendations made by Vera on or around February 2012 as a part of the Vera study (*see* Davis et al., v. Baldwin et al., USDC-SD IL 010947-53 and 010954-60), either:

(1) on or before June 2, 2016, or

(2) as of the date of service of Plaintiffs' First Set of Requests for Admission.

| | |
|---|---|
| Dated: February 5, 2018 | By: /s/ Alyssa E. Ramirez |
| | Kimball R. Anderson |
| | Alyssa E. Ramirez (admitted *pro hac vice*) |
| | Reid F. Smith (admitted *pro hac vice*) |
| | WINSTON & STRAWN LLP |
| | 35 W. Wacker Drive |
| | Chicago, IL 60601 |
| | 312-558-5600 (tel) |
| | 312-558-5700 (fax) |
| | kanderson@winston.com |
| | aramirez@winston.com |
| | rfsmith@winston.com |

Alan S. Mills
Uptown People's Law Center
4413 North Sheridan
Chicago, IL 60640
773-769-1411 (tel)
773-769-2224 (fax)
alan@uplcchicago.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned counsel for Plaintiffs hereby certifies that on this 5th day of February, 2018, she caused a copy of the foregoing PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT to be served via electronic mail and U.S. mail to the following counsel.

> Laura Bautista
> Assistant Attorney General
> Office of the Attorney General
> 500 South Second Street
> Springfield, Illinois 62701
> LBautista@atg.state.il.us
> gls@atg.state.il.us
>
> *Attorney for Defendant*

> /s/ Alyssa E. Ramirez
> Alyssa E. Ramirez