# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

# EXHIBIT 16

**From:** Atchison, Mike
**Sent:** Tuesday, August 09, 2016 6:41 PM
**To:** Shipinski, Sharon
**Subject:** FW: Proposed Segregation/Grievance Regulations
**Attachments:** Solitary Reg Objections--Filed.docx; Solitary Regs Revised UPLC draft.docx

**Importance:** High

---

**From:** Atchison, Mike
**Sent:** Sunday, August 07, 2016 4:57 PM
**To:** Beekman, Echo; Vincent, Nancy; Lindsay, Camile J.
**Cc:** Baldwin, John; Taylor, Gladyse; Bowen, Edwin; Hardy, Marcus; Brunk, Jared; kimberly.butler@doc.illinois.gov
**Subject:** FW: Proposed Segregation/Grievance Regulations
**Importance:** High

# PRIVILEGED

Increased out of cell time – this is something we are already working on and in some cases have successfully implemented. We may not have met the goal of an average of at least 4 hours/day, but to do so we would have to not only increase our staffing dramatically, we would somehow have to obtain additional "programming space", i.e. yards, recreational areas, group rooms. Real estate is not something we have an abundance of. We would also need programs proven to be effective in addressing the behavior that leads to segregation as a sanction. We can't just rely on unstructured out of cell time. Note that the claim is Illinois has 6000-8000 offenders in "solitary" (a term so misleading, by the way, that I think we should refuse to acknowledge or respond to it). As you know, he is including offenders in maximum security general population and protective custody settings…possibly trying to include high-medium facilities. I am currently trying to come up with a formula to identify by facility, custody type and living unit, the daily average number of hours outside the cell. Regarding offenders in confinement status, i.e., disciplinary seg, administrative detention, temporary confinement and investigative status, we currently have a grand total of 1882, which is only 4.29% of our total population, well below the national average. However, by at least ensuring no more than 22 hours of confinement to a cell a day, we would avoid the 15 or 30 day limit.

Conditions of confinement – increasing window size or replacing solid doors with Plexiglas and increasing floor space to 50 sq ft/person would mean building new confinement units.

Procedural – Mills' suggested changes to the adjustment committee process are cumbersome and well beyond what is required to afford due process to the offender. However, we need to discuss the points made dealing with SMI, pregnant and developmentally disabled offenders, as well as the VSA.

---

**From:** Beekman, Echo
**Sent:** Friday, August 05, 2016 9:19 AM
**To:** Atchison, Mike; Vincent, Nancy

1

**Subject:** FW: Proposed Segregation/Grievance Regulations
**Importance:** High

For your review.

Please let me know if/how you would like me to respond to this. Thanks.

**From:** Alan Mills [mailto:alan@uplcchicago.org]
**Sent:** Thursday, August 04, 2016 4:13 PM
**To:** Beekman, Echo
**Cc:** La Shawn Ford
**Subject:** Proposed Segregation/Grievance Regulations

Good afternoon.

I have attached comments and objections to the IDOC's proposed new regulations on grievances and segregation. There are two documents: a letter setting forth our comments and objections in narrative form, and specific revisions to specific sections of the proposed regulations. They are meant to be complimentary to each other.

Please let us know when the IDOC schedules hearings on these proposed regulations. Thank you in advance.

Sincerely,

Alan Mills
Executive Director
Uptown People's Law Center



t: (773) 769-1411
f: (773) 769-2224
4413 N. Sheridan, Chicago, IL 60640
Website | Facebook | Twitter
alan@uplcchicago.org