IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY DAVIS, DOUGLAS COLEMAN, AARON FILLMORE, JEROME JONES, DESHAWN GARDNER, and PERCELL DANSBERRY, </br></br>Plaintiffs, </br></br>vs. </br></br>ROB JEFFREYS, in his official capacity as Acting Director of IDOC, </br></br>Defendant. | Case No. 3:16-cv-600-MAB </br>Honorable Mark A. Beatty |

**DEFENDANT'S MOTION FOR THIS COURT TO TAKE JUDICIAL NOTICE**

The Defendant, ROB JEFFREYS, sued in his official capacity as Acting Director of IDOC, by and through his attorney, Kwame Raoul, Attorney General for the State of Illinois, moves this Court to take judicial notice of facts. Defendant provides the following in support of his motion:

**Introduction and Background**

On September 6, 2019, Plaintiffs moved this Court to certify this suit as a class action. [Docs. 173-176]. On December 20, 2019, Defendant responded in opposition to Plaintiffs' motion. [Doc. 190]. The response, in part, argued that another class action subsumed the claims presented in this putative class action. [Doc. 190, pp. 31-39]. Citing to *Rasho v. Walker*, case no. 07-cv-1298-MMM (USDC-CDIL), Defendant explained the overlap between the two cases. [Doc. 190, pp. 31-39]. Defendant explained that there had been both a Settlement Agreement and permanent injunction entered in *Rasho*, but there was still pending litigation that would implicate the claims and class proposed in this matter. [Doc. 190, pp. 32-33: "Although both a Settlement Agreement and permanent injunction have been entered in *Rasho*, there is still pending litigation that would

1

overlap the claims and proposed class in this case."]

On February 14, 2020, Plaintiffs filed a reply in support of their motion for class certification. [Doc. 197]. Because Plaintiffs filed their reply with knowledge that the *Rasho* action remains pending, Defendant moves this Court to take judicial notice of the ongoing nature of that action. Specifically, Defendant requests that this Court take judicial notice of the pending action and that segregation specifically is an ongoing issue currently being litigated by the *Rasho* plaintiffs. Because the class in the pending *Rasho* action overlaps substantially with the putative class proffered by plaintiffs, class certification should be denied.

## Legal Standard

Federal Rule of Evidence 201 allows a court to take judicial notice of a fact that is not subject to reasonable dispute because it is either (1) generally known within the territorial jurisdiction of the trial court or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court may take judicial notice of dates in which certain actions were taken in a separate action, as they are facts readily ascertainable from the public court record and not subject to reasonable dispute. *Ennenga v. Starns*, 677 F.3d 766, pp. 773-74 (7th Cir. 2012). Similarly, a Court may take judicial notice of orders entered by a different court. *See In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018).

The court may take judicial notice on its own, though it "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis by italics added). A court may take judicial notice at any stage in the proceeding. Fed. R. Evid. 201(d).

**Argument**

I. *Rasho* **remains pending.**

In their response, Plaintiffs contend that "*Rasho* is not pending." [Doc. 197, p. 4]. Plaintiffs further argue that: "*Rasho* was not pending when Plaintiffs filed their complaint and is not pending now." [Doc. 197, p. 12]. As Plaintiffs point out, and as Defendant acknowledged, a permanent injunction was entered in the *Rasho* matter in December 2018. Yet, whether a case is "pending" does not rely solely on whether permanent relief[1] was entered.

This Court may take judicial notice of the *Rasho* court record. *See Ennenga v. Starns*, 677 F.3d at pp. 773-74. Judicial notice is based on the concept that certain facts may be accepted as true without the need for additional proof. *Gen'l Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997). The docket for the *Rasho* matter cannot reasonably be disputed. The Central District electronic docket shows that substantive actions have been ongoing. On January 22, 2019, the *Rasho* defendants (officials of the Illinois Department of Corrections sued in their official capacity) filed a notice of appeal to the United States Court of Appeals for the Seventh Circuit from the Central District court's "interlocutory injunction orders entered on October 30, 2018 (Dkt. 2460) and December 20, 2018 (Dkt. 2516)." [*Rasho* Doc. 2544]. That appeal remains pending.

In November 2019, the *Rasho* plaintiffs moved for contempt. [*Rasho* Doc. 2790]. There, the plaintiffs asserted that the injunction had not been obeyed as to many different points, including segregation. [*Rasho* Doc. 2790, p. 5]. The *Rasho* plaintiffs provided more detail in their proposed

---

[1] The use of the word "permanent" is a stretch as used here. Prospective relief for any case subject to the Prison Litigation Reform Act (of which *Rasho* and this matter fall under) have statutory expirations. 18 U.S.C. 3626(b). Pursuant to Federal Rule 54, a court may revisit its own orders at any time prior to the entry of judgment. Fed. R. Civ. P. 54(b). And, the injunction that was entered in *Rasho* does not fully satisfy the *Rasho* plaintiffs' claims. [*Rasho* Doc. 2517].

3

reply filed on December 11, 2019. [*Rasho* Doc. 2805-1, pp. 12-16].

On February 14, 2020, at 1:32 p.m.—just hours before these Plaintiffs filed their reply brief—a telephonic status conference was held in the *Rasho* matter. *See* Transcript attached as Exhibit 1. One of the *Rasho* plaintiffs' attorneys, Mr. Hirshman, represented to the Court that the parties had been engaged in a four-hour meeting the week prior to the conference. Ex. 1, p. 3. The parties jointly requested to continue the contempt hearing for 60-90 days so that the parties could work collaboratively on "various aspects of segregation and crisis care." Ex. 1, p. 4. Then, the parties were to decide whether to "kick the contempt further down the road or dismiss it without prejudice." Ex. 1, p. 4. In the meantime, the appeal would remain pending in the Seventh Circuit Court of Appeals. Ex. 1, p. 4. The contempt hearing was moved to June 8, and the Court made sure it had four or five days available, in the event it proceeds. Ex. 1, pp. 6-7.

Final judgment has not been entered in the *Rasho* matter.

## II. Contrary to Plaintiffs' assertions, segregation is a major issue in the *Rasho* case.

Segregation remains a major issue in the *Rasho* case. In September 2018, the *Rasho* plaintiffs filed proposed findings of fact and conclusions of law. There, the *Rasho* plaintiffs asked the Court to make the following finding: "The literature demonstrates that, in general, mentally ill prisoners are overrepresented in the segregation population in a prison. This is true in Illinois, where more than 80% of the prisoners in segregation are Rasho Class Members (897 out of 1105). (Pl. Ex. 22, Summary Chart.) In contrast, the approximately 200 non-mentally ill prisoners in segregation come out of a group of approximately 30,000." [*Rasho* Doc. 2406, p. 55, ¶ 181]. As

4

Defendant noted in his opposition brief, the *Rasho* court made that finding.[2]

Additionally, as set forth in the transcript of the February 2020 status, segregation is still being discussed by the parties and could be the subject of an upcoming contempt hearing.

## Conclusion

In conclusion, *Rasho* remains an ongoing matter and it has remained ongoing since Defendant filed an answer in this case on March 24, 2017. [Doc. 76]. The Central District court has not finished with *Rasho*.[3] Segregation and its conditions remain a major issue in that class action. For these reasons, Defendant requests that this Court take judicial notice of the ongoing nature of *Rasho*.

WHEREFORE, Defendant respectfully requests that this Court take judicial notice of the ongoing nature of the *Rasho* matter throughout the pendency of this suit and presently continuing.

Respectfully submitted,

Defendant ROB JEFFREYS,

By: KWAME RAOUL,
    Illinois Attorney General

| | |
|---|---|
| Laura Bautista | s/Lisa A. Cook, #6298233 |
| Assistant Attorney General | Assistant Attorney General |
| 500 S. Second Street | 500 S. Second Street |
| Springfield, Illinois 62701 | Springfield, Illinois 62701 |
| Tel. 217-782-5819 | Tel. 217-785-4555 |
| lbautista@atg.state.il.us | lcook@atg.state.il.us |

---

[2] Plaintiffs contend that Defendant uses *Rasho* as a shield and that Defendant's argument with respect to that matter equates to a contradiction of the terms of the *Rasho* settlement agreement. Plaintiffs cite to the section of the *Rasho* agreement that prohibits it from being used as evidence of liability or the lack of liability in any other legal proceeding. [Doc. 197, p. 20, citing *Rasho* Doc. 711-1 ¶ 1(h)]. Yet, Defendant does not attempt to use the agreement to establish liability or the lack thereof. Instead, Defendant used the settlement agreement and, more importantly, the *Rasho* court orders to show the overlap between the two actions. Defendant has not taken a contradictory position; instead, Defendant merely set forth the similarities between the two actions and the relief sought. This is not self-contradiction, but an explanation as to why class certification is not appropriate in this case.

[3] *Res judicata* will only serve to bar a later action when "the district court has finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY DAVIS, DOUGLAS COLEMAN, AARON FILLMORE, JEROME JONES, DESHAWN GARDNER, and PERCELL DANSBERRY, <br><br> Plaintiffs, <br><br> vs. <br><br> ROB JEFFREYS, in his official capacity as Acting Director of IDOC, <br><br> Defendant. | Case No. 3:16-cv-600-MAB <br> Honorable Mark A. Beatty |

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2020, I electronically filed an **Defendant's Motion for this Court to Take Judicial Notice** with the Clerk of Court using the CM/ECF system, which will send electronic notice of same to the following:

| | |
|---|---|
| Kimball Anderson | kanderso@winston.com |
| Alan Mills | alan@uplcchicago.org |
| Elizabeth Mazur | liz@uplcchicago.org |
| Matthew DalSanto | mdalsanta@winston.com |
| Nicole Schult | nicole@uplcchicago.org |
| Reid Smith | rfsmith@winston.com |
| Ross Corbett | rcorbett@winston.com |

By: s/Lisa Cook
Lisa Cook, #6298233
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 785-4555 Phone
(217) 524-5091 Fax
E-Mail: lcook@atg.state.il.us

6