IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY DAVIS, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 3:16-CV-600-MAB |
| | ) |
| JOHN BALDWIN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiffs' motion for leave to file their memorandum in support of their motion for class certification and select exhibits under seal (Doc. 172) and their motion for leave to file their reply brief under seal (Doc. 195).

These motions were discussed at the hearing held on July 16, 2020 and the Court expressed its reservations about keeping some of the information and exhibits sealed and/or redacted (Doc. 219). The parties were instructed to meet and discuss which information and exhibits, if any, could remain sealed/redacted under Seventh Circuit precedent (Doc. 219). The parties determined that much of it could be unsealed and unredacted, but they request that several things remain confidential. Plaintiffs' counsel submitted a new version of each document to the Court, highlighting the redactions that could be removed and the redactions they wanted to remain. Each item is discussed in turn below.

Plaintiffs' memorandum in support of their Motion to Certify Class (Doc. 174) contains a number of redactions that the parties now agree are not necessary. The only things they ask to remain redacted are the names and IDOC identification numbers of putative class members. However, rather than redacting this information, the Court prefers that Plaintiffs use the putative class members' initials and simply eliminate the IDOC identification numbers. The Court also asks Plaintiffs to do the same thing with their Exhibit List (Doc. 182).

Plaintiffs filed an unsealed, redacted Declaration of Matthew DalSanto in support of their Motion for Class Certification (Doc. 175), along with a sealed, unredacted version (Doc. 177). The parties now agree, however, that none of the redactions are necessary. The Clerk of Court is **DIRECTED** to **UNSEAL** Doc. 177. For the sake of clarity on the docket, the Clerk shall **STRIKE** Doc. 175 and include a note on the docket at Doc. 175 that per the agreement reached by the parties, the unredacted version of this affidavit at Doc. 177 was unsealed and should be cited to from now on.

In Exhibit 3, which is the expert report of Craig Haney, information within the body of the report was redacted as were photos of various aspects of IDOC facilities attached to the report (Doc. 174-3). The parties now agree, however, that most of the redactions are no longer necessary. They ask that the names and IDOC identification numbers of putative class members remain redacted. Again, however, rather than redacting the information, the Court prefers that Plaintiffs use the putative class members' initials and simply eliminate the IDOC identification numbers. The parties also agree that the photos attached to the report should not be completely redacted, but they

ask that they be allowed to keep the faces that are visible in a small number of photos redacted (*i.e.*, Doc. 174-3, pp. 188, 224, 246, 247, 249, 252, and 257). The Court will allow this.

In Exhibit 4, which is the expert report of Eldon Vail, some of the text and photos within the report were redacted (Doc. 174-4). The parties now agree that none of the text needs to be redacted. They also agree that the photos do not need to be completely redacted but ask that the faces visible in the photos remain redacted. The Court will allow this.

Plaintiffs ask to keep Exhibits 5 through 15, 26, 33, and 35 through 40 completely under seal because they contain Security Threat Group ("STG") Information or HIPAA-protected mental health information. The Court has reviewed each of the relevant Exhibits at Doc. 176 and finds that very few of them warrant complete confidentiality.

- Exhibit 5 is an Adjustment Committee summary report for an inmate who is not a named Plaintiff in this case. It does not contain any STG information. It indicates that the inmate has been designated as seriously mentally ill but does not contain any specifics about his mental health. Consequently, the Court finds there is no security or privacy reason that justifies keeping this document completely under seal. However, the Court will allow the Plaintiffs to replace the inmate's name with his initials and delete his IDOC identification number.

- Exhibits 6, 7, 8, 26, 35, 36, 37, 38, and 39 are Adjustment Committee summary reports for inmates who are not named Plaintiffs in this case. Exhibit 35 does not contain any information related to STGs or mental health other than to say the inmate requested a crisis team. Exhibit 36 indicates only that a mental health provider reviewed the case and offered a recommendation. The others do not contain any information whatsoever related to STGs or mental health. Consequently, the Court finds there is no security or privacy reason that justifies keeping these documents completely under seal. However, the Court will allow the Plaintiffs to replace the inmates' names with their initials and delete their IDOC identification number.

- Exhibit 9 is a psychological evaluation for an inmate who is not a named Plaintiff in this case. It does not contain any mental health information other than to say he was evaluated and there were no contraindications for continued segregation placement. Consequently, the Court finds there is no privacy reason that justifies keeping this document completely under seal. However, the Court will allow the Plaintiffs to replace the inmate's name with his initials and delete his IDOC identification number.

- Exhibit 10 is a mental health treatment plan for an inmate who is not a named Plaintiff in this case. It does not contain any specifics about this inmate's mental health conditions. The Court fails to see any privacy reason that justifies keeping this document completely under seal. However, the Court will allow the Plaintiffs to replace the inmate's name with his initials and delete his IDOC identification number.

- Exhibit 11 is a "Mental Health Segregation Rounds" sheet that indicates nothing more than an inmate, who is unidentified, was kept in segregation for over nine years. The Court fails to see any privacy reason that justifies keeping this document completely under seal. Consequently, it will be unsealed.

- Exhibit 12 is a "Mental Health Segregation Review" sheet for an inmate who is not a named Plaintiff in this case. There is no discernible privacy reason that justifies keeping this document completely under seal. However, the Court will allow the Plaintiffs to replace the inmate's name with his initials and delete his IDOC identification number.

- Exhibit 13 is a "Mental Health Services Referral" sheet for Plaintiff Henry Davis. The document simply indicates that Davis asked to see a mental health provider about his stress level. It does not reveal anything sensitive that might be embarrassing or damaging to Davis if it is unsealed. Consequently, it will be unsealed.

- Exhibit 14 is a Mental Health Progress Note for Plaintiff Henry Davis. Exhibit 33 is a Mental Health Progress Note for an inmate who is not a named Plaintiff in this case. The Court is not fully convinced that these document warrant confidentiality, but it will leave them sealed for now out of an abundance of caution.

- Exhibit 15 is an Adjustment Committee Report for Plaintiff Aaron Fillmore, which contains STG information throughout. Magistrate Judge Stephen Williams previously noted his "very real security and safety concerns" regarding publication of such information and ordered such information to be

> "subject to an attorney's eyes only protective order" (Doc. 80). Consequently, this document will remain under seal.

- Exhibit 40 is a response to a grievance from Plaintiff Henry Davis, which contains STG Information. Consequently, this document will remain under seal.

Exhibit 17, which is an email exchange regarding Administrative Detention reviews, was filed completely under seal (Doc. 174-17). The parties now believe that this exchange should not be fully redacted but should be redacted to remove information about prisoners who are not named Plaintiffs. It appears to the Court, however, that the proposed redactions go beyond what is requested. The Court will allow the proposed redactions of the name of an inmate who is not a named Plaintiff on page 1 and 2 of Exhibit 17. The redactions on pages 3 and 4, however, require more precision. Rather than redacting the names of the inmates who are not named Plaintiffs, their initials should be used and their IDOC identification numbers eliminated. It appears that two of the names—Davis and Fillmore—are named Plaintiffs in this action. If true, those names and their identification numbers should *not* be redacted. Additionally, the reasons given for Administrative Detention that pertain to STGs should be redacted, however, reasons that don't pertain to STGs should *not* (*e.g.,* "involved in the Staff Assault in the Menard CC Chapel"). Finally, the results of the Administrative Detention Reviews should *not* be redacted (*e.g.,* "He was currently Phase 1 and was recommended for Phase 2").

Plaintiffs' reply brief (Doc. 197) contains a number of redactions that the parties now agree are not necessary. They ask that two sentences on page 29 regarding Henry

Davis' placement in segregation remain redacted (Doc. 197, p. 29).[1] This request is denied because this exact same information is unredacted in their memorandum in support of class certification (*see* Doc. 174, pp. 49–50). This redaction must be removed. They also ask that part of one sentence on page 32 regarding Percell Dansbury remain redacted because it contains STG information (Doc. 197, p. 32). This request is granted, and this redaction can remain.

As a final caveat, the Court may revisit the rulings in this Order if necessary once it has more fully reviewed all of the materials in this case and has a more robust understanding of the issues.

As a result of the rulings above, Plaintiffs need to submit new public, redacted versions of the following documents: their Memorandum in Support of Motion to Certify Class (Doc. 174); Exhibits 3 through 13, 17, 26, and 35 through 39; their exhibit list (Doc. 182); and their reply brief (Doc. 197). The Court believes the easiest, most efficient way to accomplish this is to have Plaintiffs simply refile all of these documents. The new public, redacted version of their Memorandum in Support of Motion to Certify Class should include *all* of the exhibits—the original versions of the exhibits that remain unchanged (1, 2, 14, 15, 16, 18 through 25, 27 through 34, 40, and 41) as well as new versions of the exhibits that require modification (3 through 13, 17, 26, and 35 through 39). It should be titled as "Final Public Redacted Memorandum in Support of 173 Motion to Certify Class." The new public, redacted version of their exhibit list should be titled "Final Public

---

[1] Citations to page numbers are the numbers imprinted at the top of the pages when it was electronically filed, not the numbers in the bottom corner of the pages.

Redacted Exhibit List re Memorandum" and the new public, redacted version of their reply brief should be titled "Final Public Redacted Reply to Response to Motion to Certify Class." After these new documents are filed, the Court will strike the original Memorandum (Doc. 174), exhibit list (Doc. 182), and reply (Doc. 197) and have the Clerk of Court note that updated versions were filed and should be referred to.

Finally, the Court noticed that the sealed version of Exhibit 6 (Doc. 176-6), has a black redaction box down the middle of the page, which the Court presumes to be inadvertent. Plaintiffs need to file a new unmarked, unobscured version of *sealed* Exhibit 6, if such a version is available.

## CONCLUSION

Plaintiff's motions for leave to file under seal (Docs. 172 and 195) are **GRANTED in part and DENIED in part** as outlined in the body of this Order.

The Clerk of Court is **DIRECTED** to **UNSEAL** Doc. 177. For the sake of clarity on the docket, the Clerk shall **STRIKE** Doc. 175 and include a note on the docket at Doc. 175 that per the agreement reached by the parties, the unredacted version of this affidavit at Doc. 177 was unsealed and should be cited to from now on.

Plaintiffs are **ORDERED** to file the new public, redacted versions of their Memorandum in Support of Motion to Certify Class, exhibit list, and reply brief, as well as, an unmarked, unobscured version of *sealed* Exhibit 6, on or before December 14, 2020.

**IT IS SO ORDERED.**

**DATED: November 30, 2020**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**
