IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY DAVIS, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | )  Case No. 3:16-CV-600-MAB |
| | ) |
| **LATOYA HUGHES,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Defendant LaToya Hughes filed her motion for summary judgment and 52 corresponding exhibits on October 31, 2023 (Doc. 370). Plaintiffs then filed a Motion for Show Cause Order and for Sanctions, arguing that portions of Defendant's motion for summary judgment and numerous exhibits should have been redacted or under seal in accordance with the Protective Order previously entered in this case because they contain information that was designated as confidential or for attorneys' eyes only (*see* Doc. 378). Defense counsel responded, in part, by asking the Court to place the motion for summary judgment and all exhibits, as well as Exhibit 4 of her Motion to Exclude, which is Dr. Craig Haney's expert report (Doc. 372-4), temporarily under seal while the parties worked toward a resolution (Doc. 381). Defendant's request was granted and the motion for summary judgment and all 52 exhibits (Doc. 370; Docs. 370-1 through 370-53), as well as the expert report at Doc. 372-4, were placed temporarily under seal pending further briefing and review by the Court (Doc. 383).

Thereafter, the Court provisionally sealed various other briefs and exhibits (*see* Doc. 420), including (1) Plaintiffs' response to Defendant's Motion to Exclude Expert Reports and Testimony and all exhibits attached thereto (Doc. 389; Doc. 391; Docs. 391-1 through 391-9), Plaintiffs' response to Defendant's Motion for Summary Judgment and all exhibits attached thereto (Doc. 394; Doc. 397; Docs. 397-1 through 397-81), Defendant's reply in support of her Motion for Summary Judgment (Doc. 403; Docs. 403-1 through 403-8), and Defendant's exhibit list for her motion for summary judgment (Doc. 371).

The parties filed a Joint Status Report on August 2, 2024, indicating they met and conferred about which information from the briefing and which exhibits could remain sealed/redacted under Seventh Circuit precedent (Doc. 418). They were able to agree as to some issues but not others. This Order addresses both the areas of agreement and the areas of dispute, as well as other related issues.

## LEGAL STANDARD

"Secrecy in judicial proceedings is disfavored." *GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014). "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). *See also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret . . . .")

As an initial matter, the Court wishes to note that within each category of redactions discussed below, it attempted to provide illustrative examples from the record. These citations should not be considered an exhaustive list of items that require redaction, nor should the parties assume the citations are absolutely and infallibly accurate. The Court offered citations to try to be of some assistance but is ultimately relying on the parties to locate all items that require redaction and to apply the redactions in accordance with the instructions in this Order. The Court trusts that it can rely on counsel to work together to achieve that goal. If any uncertainties arise regarding a particular redaction, the Court likewise trusts the parties can rely on their common sense and consultation with one another to resolve the issue. Additionally, the parties should know up front that they will be given 14 days to object to a majority of the Court's rulings in this Order.

1. **UNNAMED CLASS MEMBERS**

With respect to class members who are not the named Plaintiffs ("non-Plaintiff class members" or "non-class representatives"), the Court's previous position during the class certification stage was that their names should be replaced with initials and their IDOC number redacted (Doc. 221). Defendant did not follow that precedent when she filed her motion for summary judgment and instead used the full names of non-Plaintiff class members (*see, e.g.*, Doc. 370). The Court, however, maintains its previous position that, as a general rule, these names should be redacted. The class was certified under Rule 23(b)(2), and all inmates in the IDOC were automatically made part of the class whether they wanted to be or not. The non-Plaintiff class members (with some exceptions

discussed below) never volunteered to be a part of this lawsuit and never agreed to have any of their information publicly disclosed as part of the lawsuit. Defendant previously made this same point herself (*see* Doc. 378-1, p. 4). Furthermore, their identities are not material to the disposition of Defendant's motion for summary judgment or her motion to exclude Plaintiffs' experts. *See Baxter Int'l,* 297 F.3d at 548 ("The strong presumption of public disclosure applies . . . to the materials that formed the basis of the parties' dispute and the district court's resolution."); *In re Specht*, 622 F.3d at 701 ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality.") Consequently, the Court believes the names of non-Plaintiff class members should be kept out of the public record where appropriate.

The exceptions to the general rule are as follows:

- Non-Plaintiff class members identified in the briefs as having previously filed lawsuits regarding restrictive housing (*i.e.,* Doc. 370, pp. 9–12, UMF 11–18; Doc. 394, p. 12, response to UMF 11–18). These individuals have already publicly identified themselves as being inmates subjected to restrictive housing, and all of the court documents and cases that Defendant cited to are publicly available. Therefore, these individuals' names need not be redacted from any portion of the briefs discussing their prior lawsuits.[1]  To the extent the names of these non-Plaintiff class members happen to appear elsewhere in any exhibits, which were presumably filed without the inmates' express knowledge or consent, their names should be redacted in accordance with the general rule.

- The non-Plaintiff class member mentioned in Defendant's brief as having previously submitted a letter to the Court in this case (*e.g.,* Doc. 370, p. 29, UMF 95). This individual has voluntarily injected himself into

---

[1] The Court notes there are no corresponding exhibits; Defendant cited only to reported cases and court filings (*see* Doc. 370, pp. 9–12, UMF 11–18).

this case by filing an unsealed and publicly available document. Therefore, his name need not be redacted from any portion of the briefs discussing his letter.[2] To the extent the name of this non-Plaintiff class member happens to appear elsewhere in any exhibits, his name should be redacted in accordance with the general rule.

- Non-Plaintiff class members who submitted declarations to Plaintiffs' counsel to be used as evidence in this case (*see, e.g.,* Docs. 397-8 through 397-41, 65, 66) or who sat for a deposition (*see, e.g.,* Doc. 394, p. 30, SAMF 44). These individuals have chosen to participate in this lawsuit and voluntarily put their information at issue. Therefore, their names need not be redacted from the exhibits that contain information they willingly disclosed (*i.e.,* the declarations and deposition transcripts), any portion of the briefs discussing those exhibits, or the exhibit lists.[3] To the extent the names of these non-Plaintiff class members happen to appear elsewhere in any other exhibits, their names should be redacted in accordance with the general rule.

Plaintiffs' expert reports also bear special mention. The Court notes that Tab 12 of Anna King's report contains names of non-Plaintiff prisoners and their IDOC numbers (Doc. 370-1; Doc. 391-1; Doc. 397-2). There is likewise a list of non-Plaintiff prisoners' full names in the appendix of Dan Pacholke's report, (Doc. 370-42; Doc. 391-3; Doc. 397-4), and the appendix of Dr. Craig Haney's report, (Doc. 391-5; Doc. 397-5). These names should not appear in the public record. But replacing each of these names with initials would be cumbersome and time consuming, and the materials have already been under

---

[2] The Court notes there is no corresponding exhibit; Defendant cited only to the docket number of the inmate's letter (*see* Doc. 370, p. 29, UMF 95).

[3] The Court notes that Plaintiffs proactively identified these inmates in their materials by only their initials (*e.g.,* Doc. 394, pp. 27–30, SAMF 11–20; Doc. 396), and Defendant followed suit (Doc. 403). The Court finds these redactions unnecessary but ultimately harmless and therefore approves of them. When the parties refile their materials (as further instructed below), they need not modify their exhibit list and briefs to include the full name of these inmates.

seal for too long. Consequently, these names and IDOC numbers can simply be redacted in full.

To the extent the names of any other non-Plaintiff class members—who are not subject to the exceptions listed above—appear in either parties' briefs, exhibits, or exhibit lists, their names shall be redacted in accordance with the general rule. (*See, e.g.,* Doc. 370, UMF 62–65, 90; Doc. 370-19; Doc. 370-27; Docs. 370-30 through 370-33; Doc. 370-36; Doc. 370-37; Doc. 370-39; Doc. 370-42; Doc. 370-48; Doc. 370-51; Doc. 370-52; Doc. 370-53). The Court notes the Plaintiffs proactively identified non-Plaintiff class members by their initials only in their response briefs (*e.g.,* Doc. 394, p. 287, SAMF 21, 22; Doc. 397-67; Doc. 397-68), and Defendant followed suit in her reply brief (Doc. 403-1 through 403-8; Doc. 404). The Court approves of these redactions.

2. **SECURITY THREAT GROUP ("STG") INFORMATION**

This is a topic on which the parties reached a partial agreement (*see* Doc. 418). The following is the Court's understanding of the parties' agreement and the issues still in dispute. The Court's understanding assumes that when the parties spoke of "class members," they were referring only to the non-Plaintiff class members.

- When it comes to *non-Plaintiff class members* and *specific gang references* (meaning a particular gang is identified), the parties agree that the inmates' names should be replaced with initials and their IDOC numbers redacted (Doc. 418, p. 1).

- When it comes to *non-Plaintiff class members* and *generalized references to gang activity* (meaning no particular gang is identified), Plaintiffs think the non-Plaintiff class members' names and IDOC numbers should be redacted, but Defendant disagrees (*Id.* at p. 2).

- As for the *named Plaintiffs* and *specific gang references*, Plaintiffs take the position that the information regarding the specific gang should be redacted, but Defendant disagrees (*Id.*).

- With respect to the *named Plaintiffs* and *generalized references to gang activity*, the parties appear to agree that no redactions are necessary (*see* Doc. 418).

The Court notes that Defendant's willingness to *publicly* disclose any gang-related information, whether specific or generalized, is a marked departure from her previous position that STG information was "highly sensitive" and dissemination could "create[e] conflicts or even lea[d] to death" and jeopardize the safety and security of IDOC facilities, and therefore the strictest confidentiality had to be maintained (*see, e.g.,* 378-1). The Court also notes that it previously authorized gang-related information to be redacted from the parties' class certification briefing (Doc. 221). But after further consideration, and despite Defendant's previous—and Plaintiffs' ongoing—insistence on confidentiality, the Court does not believe that all of the redactions Plaintiffs are pushing for are warranted.

The Court rules as follows:

- For all *non-Plaintiff class members subject to the general rule* outlined above, their names are to be replaced with initials and their IDOC number redacted in all instances, including when their names appear in the context of STG accusations or references, either specific or generalized. In the instances where a specific gang is named, the gang name need not be redacted; it seems sufficient to only redact the prisoner's name.

- For *non-Plaintiff class members excepted from the general rule* as outlined above in part 1, their names and IDOC numbers are not to be redacted from their declarations, depositions, or letters, even if their names appear in the context of STG accusations or references, either specific or generalized. Those individuals made the choice to disclose such information, or it was already made publicly available by virtue of a previous lawsuit. Furthermore, Defendant no longer maintains that publication of this information presents any sort of safety or security

risk to the IDOC's facilities and operations. To the extent these individuals' names happen to appear elsewhere in other exhibits in regard to gang activity, their names should be redacted in accordance with the general rule.

- For the *named Plaintiffs*, the Court does not believe that any redactions are warranted. The named Plaintiffs made the choice to participate in this litigation, and by doing so, put their personal information regarding their placement in restrictive housing squarely at issue. The reasons for both their initial and continued placement in restrictive housing serves as important background information and is highly relevant to the claims in this case. Furthermore, at this point, it does not appear that any of the named Plaintiffs' reputed gang affiliations remain a secret. Some were exposed in a very public fashion through court opinions or documents filed in court cases.[4] Others were exposed in a less conspicuous fashion, but nevertheless have been publicly available for some time.[5]

### 3. HIPAA-PROTECTED HEALTH INFORMATION

The parties agree to that whenever an inmate's name is associated with HIPAA-protected health information, whether that inmate is a named Plaintiff or not, their name should be replaced with initials and their IDOC number should be redacted (Doc. 418, pp. 1–2). The Court adopts this agreement in part and rules as follows:

- For *non-Plaintiff class members subject to the general rule*, the Court has already ruled that in all instances their names will be replaced by initials and their IDOC numbers redacted.

---

[4] Aaron Fillmore and Deshawn Gardner's specific gang affiliations were publicly disclosed in previous court opinions. *Fillmore v. Taylor*, 137 N.E.3d 779, 782 (Ill. 2019); *People v. Gardner*, 2013 IL App (1st) 110341-U, at *1 (Ill. App. Ct. 2013), *available at* 2013 WL 324101; *Gardner v. Hough*, 2020 IL App (4th) 190180-U, at *1 (Ill. App. Ct. 2020), *available at* 2020 WL 3033142. Percell Dansberry publicly disclosed his specific gang affiliation through documents he filed in a previous court case (*see* Doc. 370-2, pp. 18–20).

[5] Henry Davis discussed his alleged gang affiliation at his deposition in this matter, and a transcript of his deposition was previously filed unsealed with the approval of both parties (Doc. 222-22, pp. 25–26, 35–36). Similarly, Jerome Jones discussed his alleged gang affiliation at a deposition in another case, and a transcript of his deposition was previously filed unsealed with the approval of both parties (Doc. 190-14, pp. 25–26, 67).

- For *non-Plaintiff class members excepted from the general rule* as outlined above in part 1, their names and IDOC numbers are not to be redacted from their declarations, depositions, or letters, even if HIPAA-protected health information appears in those documents. Those individuals made the choice to disclose such information. To the extent their names happen to appear elsewhere in other exhibits in the context of HIPAA-protected health information, their names should be redacted in accordance with the general rule.

- For the *named Plaintiffs'*, these individuals agreed to participate in this lawsuit and by doing so put their medical and mental health information into consideration. This information is essential for context and central to the claims in this case. Accordingly, no redactions are necessary when it comes to the named Plaintiffs.

**4. PHOTOS THAT INCLUDE IMAGES OF PORNOGRAPHY**

The parties agree that any photos containing pornographic images, which are incorporated into Dr. Craig Haney's expert report, should be redacted (Doc. 418, p. 2). The Court approves of the agreed-upon redactions. The parties do not mention, but the Court notes, these same photos are also in Dan Pacholke's report (*see, e.g.,* Doc. 370-42, p. 17; Doc. 391-3, p. 18; Doc. 397-4, p. 18), and should be redacted. To the extent pornographic images appear anywhere else in the record not already mentioned, the parties are authorized to redact them.

**5. PHOTOGRAPHS THAT INCLUDE IMAGES OF FACES**

The parties agree that pictures that include "faces" in Dr. Craig Haney's expert report should be redacted (Doc. 418, p. 2). The Court notes that it previously approved of redacting faces from photos (Doc. 221). Upon further consideration, however, the Court finds that not all faces need to be redacted. Many of the faces shown in the photos are correctional officers. The Court does not see any reason why their faces need to be

redacted. After all, these are photos depicting public employees performing their official job duties in publicly owned facilities, and the parties did not provide any specific reasons or legal citations justifying secrecy (*see* Doc. 418). As for the faces of inmates, in most instances their faces are either not visible (*e.g.*, the photo only shows the back of the inmate's head), blurry, obscured, or otherwise indistinguishable to such an extent that the inmates cannot actually be identified.

As the Court sees it, there are only two photos in which inmate faces are clear enough for the inmate(s) to be identified: photos bates-stamped 0349458 and 0568550 (Doc. 391-5, pp. 447, 609; Doc. 397-5, pp. 431, 593). The faces in those photos shall be redacted. The Court also approves of the redactions already applied to the photo bates-stamped 134673 and 134693 (Doc. 391-5, pp. 299, 458; Doc. 397-5, pp. 283, 442). In the event the Court overlooked any other photos in Dr. Haney's report where the inmate is identifiable, the parties are authorized to redact them/maintain existing redactions.

With respect to Dan Pacholke's report, the Court does not believe there are any faces in the photos (*see* Doc. 370-42; Doc. 391-3; Doc. 397-4), but in the event that the Court is mistaken, the parties are authorized to redact the photo(s) if the inmate's face is visible and the inmate is identifiable.

With respect to Eldon Vail's report, the Court previously ruled that faces should be redacted from photos (Doc. 221; *see also* Doc. 222-4, pp. 39, 64). Plaintiffs have once again filed Mr. Vail's report (Doc. 391-9). This time, they applied much more selective redactions to the photos at issue (*compare* Doc. 391-9, pp. 39, 64 *with* Doc. 222-4, pp. 39, 6),

which the Court finds acceptable. Nothing heavier is needed. As such, Plaintiffs' exhibit 391-9 can be unsealed.[6]

## 6. DEFENDANT'S MOTION TO EXCLUDE (DOC. 372) AND PLAINTIFFS' RESPONSE (DOC. 389, 390, 391, 392)[7]

The only aspect of Defendant's submission that is currently sealed is Exhibit 4, which is Dr. Haney's Expert Report (Doc. 372-4). The parties appear to agree that this exhibit can be unsealed (*see* Doc. 418), and the Court notes that the redactions outlined in Parts 1, 4, and 5 of this Order do not apply because this version of Dr. Haney's report consists of just the body of the report, and Defendant did not submit any of the appendices or photos (*see* Doc. 372-4). As such, this exhibit can be unsealed now. Consequently, Defendant's Motion to Exclude and all exhibits will now be unsealed and fully unredacted.

The Court likewise aims to unseal Plaintiffs' response brief and exhibits in order to minimize the amount of refiling the parties must do. The Court does not believe anything in the body of Plaintiffs' response brief, (Doc. 389), requires redaction. As such, it can be unsealed.

As for the exhibits, the Court believes that most do not require any redactions and can be unsealed. Those exhibits are as follows:

- Declaration of Matthew DalSanto (Doc. 391);

---

[6] It is not necessary for Plaintiffs to remove the heavier redactions from the previously filed version of Mr. Vail's report at Doc. 221; *see also* Doc. 222-4, pp. 39, 64.

[7] Doc. 389 is Plaintiffs' brief. Doc. 390 is a Declaration from Attorney Matthew DalSanto regarding the exhibits, which was filed unsealed. Doc. 391 is a sealed version of the Declaration and the attachments thereto are the exhibits. And Doc. 392 is the Exhibit List, which was filed unsealed.

- Exhibit 2: Anna King deposition transcript (Doc. 391-2);
- Exhibit 4: Rob Jeffreys deposition transcript excerpt (Doc. 391-4);
- Exhibit 6: Stuart Grassian law journal article (Doc. 391-6);
- Exhibit 7: Dan Pacholke deposition transcript excerpt (Doc. 391-7);
- Exhibit 8: Dr. Craig Haney deposition transcript excerpt (Doc. 391-8); and
- Exhibit 9: Expert Report of Eldon Vail (Doc. 391-9). *See supra* part 5.

However, the expert reports of Anna King, Dan Pacholke, and Dr. Craig Haney require some limited redaction.

- Exhibit 1: Expert Report of Anna King (Doc. 391-1): The names and IDOC numbers of the prisoners listed in Tab 12 should be redacted in accordance with Part 1 of this Order. The Court does not believe there are any other necessary redactions to this report. *See supra* at Parts 1–5.

- Exhibit 3: Dan Pacholke Expert Report (Doc. 391-3): The prisoner names in the "Master File of Listed Prisoner" in Appendix B at the end of Mr. Pacholke's report, (Doc. 391-3, pp. 140–52), should be redacted in accordance with Part 1 of this Order, and the photos containing pornographic images, (Doc. 391-3, p. 18), should be redacted in accordance with Part 4 of this Order. The Court does not believe there are any other necessary redactions to this report. *See supra* at Parts 1–5.

- Exhibit 5: Expert Report of Craig Haney (Doc. 391-5): The prisoner names in the "Master File of Listed Prisoner" in Appendix B at the end of Dr. Haney's report, (Doc. 391-5, pp. 281–84), should be redacted in accordance with Part 1 of this Order. The photo(s) containing pornographic images on page 355 should be redacted in accordance with Part 4 of this Order. The inmate faces in the photos on pages 447 and 609 (bates-stamped 0349458 and 0568550) should likewise be redacted in accordance with Part 5 of this Order. The Court does not believe there are any other necessary redactions within this report. *See supra* at Parts 1–5.

If no motion to reconsider is filed regarding the authorized redactions to the expert reports, or after such motions are resolved, Plaintiffs will be required to submit appropriately redacted versions of Ms. King, Mr. Pacholke, and Dr. Haney's reports to the Court. Those *redacted* versions will be used to replace the *unredacted* versions of

Exhibits 1, 3, and 5 that are currently on the docket, and the Exhibits will then be unsealed. As a result of these replacements, Plaintiffs' response to Defendant's Motion to Exclude (Doc. 389) and all exhibits (Doc. 391) will be unsealed in their entirety, with only very limited redactions to the expert reports. But the Court also believes a sealed and fully unredacted version of the reports should remain available on the docket for the sake of completeness. Therefore, Plaintiffs will also be required to refile a sealed, fully unredacted version of each report, and a note will be added to docket entry 391 indicating where they can be found.[8]

### 7. DEFENDANT'S REPLY IN SUPPORT OF SUMMARY JUDGMENT (DOC. 403)

It appears to the Court that Defendant proactively used initials for all non-Plaintiff class members throughout their brief and their exhibits. Accordingly, this document and all attached exhibits *could* be unsealed, but for the sake of continuity, it will remain sealed with the rest of the original summary judgment briefing for the reasons explained here (*i.e.*, Docs. 370, 371, 394, 397).

The Court notes that Defendant's motion for summary judgment, exhibits, and Exhibit List, as well as Plaintiffs' response brief and exhibits, require a fair amount of redactions—too many to employ the same replacement and refiling procedure being

---

[8] The Court notes that Plaintiffs also submitted Dr. Haney's report as an exhibit to their summary judgment response (Doc. 397-5), and that particular exhibit is going to remain sealed on the docket. But the Court does not believe it can add a note to docket entry 391 that points the audience to the sealed report at Doc 397-5 because it appears that that the report Plaintiffs submitted with their response to the motion to exclude (Doc. 391-5) is not exactly the same as the report they submitted with their summary judgment response (Doc. 397-5). The former is 805 pages long and dated July 19, 2013, while the latter is 789 pages long and dated November 30, 2023. Accordingly, Plaintiffs do, in fact, need to refile a sealed, fully-redacted version of Dr. Haney's report that was attached to their the motion to exclude (Doc. 391-5).

used with Defendant's motion to exclude. Rather, for the summary judgment briefing, the Court believes the best way to handle things is to have the parties refile unsealed and appropriately redacted versions of all of their materials (even if the originals were filed unsealed). That way all of the unsealed summary judgment briefing and corresponding documents will be available in the same place and close together on the docket. The Court believes this will eliminate confusion and minimize the effort required to find these documents in the future as no one will need to skip around and search the docket to find what they are looking for.

Consequently, if no motions to reconsider are filed, or after such motions are resolved, Defendant will be required to file an unsealed and appropriately redacted version of her motion (Doc. 370), exhibits, and Exhibit List (Doc. 371). Plaintiff will then be required to refile an unsealed and appropriately redacted versions of her summary judgment materials—brief (Doc. 394), Declaration (Doc. 395), Exhibit List (Doc. 396), and Exhibits (Doc. 397)—even though the Declaration and Exhibit List were unsealed to begin with. And Defendant will then be required to refile an unsealed and appropriately redacted version of her reply brief (Doc. 403), exhibits, and Exhibit List (Doc. 404).

8. **DEFENDANT'S EXHIBITS 6 AND 24 (DOC. 370-6 AND DOC. 370-24)**

These documents are exhibits to Defendant's motion for summary judgment. They contain redactions that the Court does not believe were previously discussed or authorized. The Court does not know what is beneath the redactions or whether Plaintiffs' counsel does either.

As explained in the previous section of this Order, Defendant's original summary judgment brief exhibits—including 370-6 and 370-24—will remain under seal. The question is whether those exhibits should also remain redacted. If Defendant does not want to maintain the redactions to the sealed exhibits, she should submit completely *unredacted* versions of these exhibits to the Court. The Court will then use the *unredacted* versions to replace the *redacted* versions currently on the docket at Docs. 370-6 and 370-24. On the other hand, if Defendant believes the exhibits contain information so sensitive that even the sealed exhibit must be redacted, Defendant must file a motion for leave to redact that fully explains why redactions to the sealed exhibits are appropriate and necessary, and also submit completely unredacted versions of these exhibits to the Court for an in-camera review.

As for the *unsealed* version of the summary judgment motion and exhibits that Defendant will be required to file, if Defendant wants to maintain the redactions, she must file a motion for leave to redact explaining why the redactions are appropriate and necessary.

## CONCLUSION

The Court orders that Exhibit 4 of Defendant's Motion to Exclude, which is Dr. Craig Haney's expert report (Doc. 372-4), be **UNSEALED.** *See supra* Part 6.

Per the agreement of the parties and with approval from the Court, the images depicting pornography in Dr. Craig Haney's expert report shall be **REDACTED**. *See supra* Part 4. These same type of images shall be redacted from Dan Pacholke's report and anywhere else they may appear in the record. Given that this portion of the Order was

agreed to by the parties, no motions to reconsider will be permitted on the issue of pornographic images.

**Re: Defendant's Exhibits 6 and 24 to her Motion for Summary Judgment** (Docs. 370-6 and 370-24)**:** Defendant shall have **14 days** to submit to the Court *unredacted* versions of Exhibits 6 and 24. *See supra* Part 8. They should be submitted via email to MABpd@ilsd.uscourt.gov. In the event Defendant *does not* want to maintain the redactions to the *sealed* exhibits at Docs. 370-6 and 370-24, she should indicate as much in her email and CC Plaintiffs' counsel on the email. The Court will then use the *unredacted* versions to replace the *redacted* versions currently on the docket at Docs. 370-6 and 370-24. On the other hand, if Defendant *does* want to maintain the redactions to the sealed exhibits at Docs. 370-6 and 370-24, she should indicate as much in her email and Plaintiffs' counsel should *not* be CC'd. Defendant shall also contemporaneously file a motion for leave to redact.

Similarly, if Defendant wants to maintain the redactions to the *unsealed* version of these exhibits that she will eventually have to file, or if redactions are necessary to comply with this Order, Defendant shall **within the next 14 days** file a motion for leave to redact explaining the nature of the redactions and why they are necessary. If Plaintiffs have any objection to the requested redactions, they shall have seven days to file a response. No reply brief will be allowed.

For all other instructions provided in this Order, the parties shall have 14 days to file a motion for reconsideration if they believe the Court erred in any respect. The opposing party shall have 7 days to file a response. No reply briefs will be accepted.

Specifically, **re: Part 1:** Non-Plaintiff class members names shall be redacted as instructed. The parties shall have 14 days to file a motion to reconsider this portion of the Order.

**Re: Part 2:** Security Threat Group information shall be redacted as instructed. The parties shall have 14 days to file a motion to reconsider this portion of the Order.

**Re: Part 3:** HIPAA-protected Health Information shall be redacted as instructed. The parties shall have 14 days to file a motion to reconsider this portion of the Order.

**Re: Part 5:** The Court approves of the redactions to the photos in Eldon Vail's expert report (Doc. 391-9, pp. 39, 64). If the parties believe heavier redactions are required, they shall have 14 days to file a motion to reconsider. If no motion is filed, this exhibit will be **UNSEALED.**

Inmate faces can be redacted from the photos bates-stamped 0349458 and 0568550 in Dr. Haney's expert report (Doc. 391-5, pp. 447, 609; Doc. 397-5, pp. 431, 593). The Court also approves of the redactions already applied to the photo bates-stamped 134673 and 134693 (Doc. 391-5, pp. 299, 458; Doc. 397-5, pp. 283, 442). In the event the Court overlooked any other photos in Dr. Haney's report—or for that matter Dan Pacholke's report—where the inmate is identifiable, the parties are authorized to redact the inmate's faces. In the event the parties object to the limited scope of facial redactions approved by the Court, they shall have 14 days to file a motion to reconsider.

**Re: Part 6:** The Court does not believe that any redactions to the following documents are required:

- Plaintiffs' Response in Opposition to Defendant's Motion to Exclude (Doc. 389)

- Declaration of Matthew DalSanto (Doc. 391);
- Exhibit 2: Anna King deposition transcript (Doc. 391-2);
- Exhibit 4: Rob Jeffreys deposition transcript excerpt (Doc. 391-4);
- Exhibit 6: Stuart Grassian law journal article (Doc. 391-6);
- Exhibit 7: Dan Pacholke deposition transcript excerpt (Doc. 391-7);
- Exhibit 8: Dr. Craig Haney deposition transcript excerpt (Doc. 391-8); and
- Exhibit 9: Expert Report of Eldon Vail (Doc. 391-9).

The parties shall have 14 days to file a motion to reconsider identifying any necessary redactions. If no motion is filed, these documents will be **UNSEALED**.

If no motions to reconsider are filed, or after the motions to reconsider and any motion for leave to redact are resolved, the Court will issue further instructions to the parties about filing/refiling documents and submitting substitute documents to the Court.

**IT IS SO ORDERED.**

**DATED: February 10, 2025**

                                            s/ Mark A. Beatty
                                            **MARK A. BEATTY**
                                            **United States Magistrate Judge**