IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY DAVIS, et al.,** | ) |
| | ) |
|       **Plaintiffs,** | ) |
| | ) |
| vs. | )   Case No. 3:16-CV-600-MAB |
| | ) |
| **LATOYA HUGHES,** | ) |
| | ) |
|       **Defendant.** | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on Plaintiffs' Motion for Sanctions (Doc. 448). Pertinently, Plaintiffs seek for Defendant to be sanctioned for filing what Plaintiffs contend was a frivolous Motion for Summary Judgment (Docs. 370, 435) and a frivolous Motion to Exclude Expert Reports and Testimony (Doc. 372) ("Daubert Motion"). However, for the reasons discussed below, Plaintiffs' Motion for Sanctions is DENIED (Doc. 448).

### BACKGROUND

Defendant filed a Motion for Summary Judgment (Docs. 370, 435)[1] and a Motion to Exclude Expert Reports and Testimony (Doc. 372) ("Daubert Motion") in October 2023. Those motions were then briefed at length and argued further at a motion hearing held

---

[1] Defendant's original Motion for Summary Judgment found at Doc. 370 was sealed and subject to sanction because it violated the Court's protective order (*see* Doc. 442). It was then redacted and publicly filed at Doc. 435, which is the version of briefing the Court will cite to in this Order unless otherwise specified.

on July 12, 2024 (*see* Doc. 417). On March 28, 2025, the Court denied both of Defendant's motions (*see* Docs. 443, 444).

More specifically, Defendant's Daubert Motion sought to exclude the testimony and/or reports of several of Plaintiffs' experts, including: (1) Anna King, an economist who specializes in the application of economics and data analysis to legal issues; (2) Eldon Vail, a corrections consultant with experience working in and administering correctional institutions; (3) Dan Pacholke, a former corrections officer, warden, and state administrative official, who was retained to assess conditions of confinement in Illinois prisons and review restrictive housing policies and practices; and (4) Dr. Craig Haney, a psychology professor with experience studying the psychological effects of imprisonment, including those of solitary confinement (*see* Docs. 372, 443). While the Court will not restate the parties' arguments and Court's ruling in great detail, generally speaking, the Court's Daubert Order found that each expert was qualified and had a sufficient basis for their opinions (*see generally* Doc. 443). Moreover, the Court's Order explained that many of Defendant's arguments went to the weight of Plaintiffs' expert's opinions, not their admissibility (*Id.*). For all these reasons, as well as several others discussed in the Court's Order, the Court denied Defendant's Daubert Motion (*Id.*).

Meanwhile, Defendant's Motion for Summary Judgment argued that Defendant should be granted summary judgment because, among other reasons: (1) res judicata precluded participation by any class members who were also members of the class in *Rasho v. Walker*, CDIL Case No. 07-cv-1298-MMM; (2) res judicata precluded participation by any class member "that previously received a final judgment on the merits in an

individual action with an identity of causes of action with this class action;" (3) Plaintiffs' due process and Eighth Amendment claims fail on the merits; and (4) Plaintiffs' requested injunctive relief is improper (*see generally* Doc. 435). Ultimately, the Court was not persuaded by Defendant's arguments, finding that: (1) Defendant waived the affirmative defense of res judicata and also failed to demonstrate that the claims in this action involve the same claims as those previously adjudicated in *Rasho* or in any individual actions previously brought by class members; (2) Plaintiffs provided sufficient evidence to survive summary judgment on their Eighth Amendment conditions of confinement claim; (3) Defendant's due process arguments oversimplified and misconstrued existing law, cherry-picked favorable evidence, and were sufficiently contradicted by Plaintiffs' evidence; and (4) Defendant's arguments related to injunctive relief were premature prior to a finding of liability (*see generally* Doc. 444).

Thereafter, Plaintiffs filed the instant Motion for Sanctions, asking the Court to sanction the Defendant for filing the Daubert Motion and the Motion for Summary Judgment because, according to Plaintiffs, both motions were frivolous (Doc. 448). In turn, Plaintiffs ask the Court to the sanction Defendant by "*at least* . . . 1) striking Defendant's defenses to liability; 2) setting the matter for trial promptly on an appropriate equitable remedy for the violations described in Plaintiffs' Complaint; and 3) requiring Defendant to pay a fine of $250,000 to the Court." (*Id.* at pp. 7-8) (emphasis added). Defendant then filed a response in opposition, arguing that filing two non-meritorious motions does not justify the imposition of sanctions because neither motion was frivolous

(*see* Doc. 458).[2] Defendant also contends that Plaintiffs' motion impermissibly handpicks favorable quotes while ignoring the broader context of the Court's rulings (*Id.*). Plaintiffs declined to file a reply brief to respond to Defendant's contentions and further support their Motion for Sanctions.

## LEGAL STANDARD UNDER RULE 11

Pursuant to Rule 11, "a court may impose sanctions on a party for making arguments or filing claims that are frivolous, legally unreasonable, without factual foundation, or asserted for an improper purpose." *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) ("In particular, a frivolous argument or claim is one that is baseless and made without a reasonable and competent inquiry.") (internal quotation marks and citation omitted). As the Seventh Circuit has explained, "[o]ne of the basic purposes of Rule 11 of the Federal Rules of Civil Procedure is 'to deter baseless filings in the district court....'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp., et al.*, 496 U.S. 384, 393 (1990)). Furthermore, district courts are granted discretion in deciding whether to impose Rule 11 sanctions. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 866 (7th Cir. 2003).

However, "[i]n exercising its discretion, a district court must also bear in mind that such sanctions are to be *imposed sparingly*, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." *Id.* at 867 (internal quotation marks and citation omitted) (emphasis added). Moreover,

---

[2] Defendant's Response also argues that certain aspects of Plaintiffs' Motion for Sanctions failed to substantially comply with Rule 11's safe harbor provision (*see, e.g.*, Doc. 458 at p. 4). Ultimately, the Court has not further considered or addressed Defendant's safe harbor argument because the Court finds that Plaintiffs' motion should be denied for the reasons discussed below.

sanctions should be proportionate to the wrong. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994) (explaining that a dismissal with prejudice is one type of sanction and finding the district court did not abuse its discretion by imposing that sanction against the United States after the government repeatedly ignored court orders and deadlines). Additionally, motions for summary judgment and motions for sanctions are governed by "two very different standards … [that] may require the court to consider very different records." *Fletcher v. Doig*, 145 F.4th 756, 763 (7th Cir. 2025). Accordingly, "losing a legal challenge or motion, by itself, is not a reason for sanctions." *See Mazurek v. Metalcraft of Mayville, Inc.*, 110 F.4th 938, 942 (7th Cir. 2024).[3]

---

[3] Notably, there appears to be some disagreement in the Seventh Circuit as to how to allocate the burden of proof between a movant seeking sanctions and a respondent. The District Court in *Rice v. Nat'l Beverage Corp.* noted this potential conflict, stating:

> Some district courts in the Seventh Circuit have held that the party seeking sanctions has the burden of proof and persuasion; the moving party "must satisfy the 'high burden of showing that Rule 11 sanctions are warranted.'" *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015) (quoting *Lundeen v. Minemyer*, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010)). Other district court cases in this circuit use a burden-shifting framework, requiring a *prima facie* showing of sanctionable conduct to shift the burden to the sanction opponent. *See, e.g.*, *Vandeventer v. Wabash Nat'l Corp.*, 893 F. Supp. 827, 840 (N.D. Ind. 1995) (citing *Shrock v. Altru Nurses Registry*, 810 F.2d 658 (7th Cir. 1987)) (other citation omitted).

18 CV 7151, 2019 WL 3037094, at *4 (N.D. Ill. July 11, 2019). In researching this point, the Court identified numerous, additional cases that appear to have imposed a high burden upon movants seeking Rule 11 sanctions. *See In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 860 (N.D. Ill. 2015) ("To win on a motion for sanctions, the movant must satisfy the 'high burden of showing that Rule 11 sanctions are warranted.'"); *Great Am. Ins. Co. v. Marubeni Citizen-Cincom, Inc.*, 19-CV-03895, 2020 WL 3058081, at *3 (N.D. Ill. June 9, 2020) (same); *Schartz v. Par.*, 16 C 10736, 2016 WL 7231613, at *4 (N.D. Ill. Dec. 14, 2016) ("Schartz has not shown that Female Health or Female Health's counsel should have concluded that the removal was groundless. Thus, the motion for sanctions is denied."); *Lundeen v. Minemyer*, 09 C 3820, 2010 WL 5418896, at *3 (N.D. Ill. Dec. 17, 2010) ("Mindful of the care and caution with which it must proceed in deciding a Rule 11 motion, the Court finds that Defendant has not met the high burden of showing that Rule 11 sanctions are warranted."); *Nail v. Tarlton*, 1:23-CV-247-GSL-SLC, 2024 WL 3495034, at *4 (N.D. Ind. July 18, 2024) (stating a movant must satisfy the "high burden" of showing sanctions are warranted).
    Here, however, the Court need not determine whether or not to apply a burden shifting framework because Plaintiffs' motion fails under either standard as it neither makes a *prima facie* showing of sanctionable conduct nor meets the high burden of showing Rule 11 sanctions are warranted.

## DISCUSSION

Plaintiffs argue that Defendant should be sanctioned for filing what Plaintiffs say was a frivolous Motion for Summary Judgment and a frivolous Daubert Motion (Doc. 448). Plaintiffs' Counsel contends that this forced them "to devote hundreds of hours to drafting responses in opposition, preparing for oral argument, and traveling to East St. Louis to argue against the motions" and caused the Court to devote substantial time and resources to addressing Defendant's motions (*Id.* at p. 1). Plaintiffs further contend that Defendant's motions raised frivolous arguments, failed to comply with Rule 56, and "made no serious attempt to demonstrate the complete absence of a genuine issue of material fact as required for entry of judgment as a matter of law under Rule 56." (*Id.* at p. 8). In support of their contentions, Plaintiffs quote a few sentences from the Court's Orders that were critical of Defendant's arguments and then posit that "[o]ther examples abound" (*Id.* at p. 5).

Ultimately, the Court is not persuaded by Plaintiffs' arguments (Doc. 448; *see also* Doc. 458). Plaintiffs are requesting incredibly severe sanctions, such as striking Defendant's defenses to liability and ordering the Defendant to pay a fine of $250,000 to the Court. To put it simply, with such an eye-popping request, the Court assumed Plaintiffs would have gone to great lengths to support it by including as many examples as possible of what they claim are frivolous arguments, explaining at length why those arguments were frivolous or otherwise asserted for an improper purpose, and supporting their assertions of frivolity with detailed citations to and discussion of applicable caselaw and supporting authority. Yet, Plaintiffs did not do so.

Instead, Plaintiffs' eight-page Motion for Sanctions includes just one paragraph of purported examples of Defendant's frivolous arguments (*Id.* at p. 5) and less than two pages of "argument" (*Id.* at pp. 6-7), with absolutely no application of Defendant's allegedly frivolous arguments to any relevant caselaw (*see generally Id.*). In fact, the "argument" section of Plaintiffs' motion merely recites Rule 11, outlines general caselaw explaining the deterrent purposes of Rule 11, and then requests certain sanctions be imposed upon Defendant (Doc. 448 at pp. 6-8). In other words, at no point does Plaintiffs' motion make an actual argument, with citations to relevant or analogous caselaw, as to why Defendant's motions were so baseless as to justify the harsh sanctions they sought. Moreover, Plaintiffs did not even file a reply brief to respond to Defendant's arguments and further support their contentions (*see* Doc. 458).

Admittedly, the "background" section of Plaintiffs' Motion for Sanctions includes one paragraph that attempts to explain why sanctions are warranted in light of the Court's Summary Judgment and Daubert Orders (*see* Doc. 448 at p. 5). For example, Plaintiffs point out that the Court's Summary Judgment Order was critical of Defendant's attempt to assert res judicata as a defense because Defendant did not timely move to amend her answer to assert res judicata once it became apparent that there was a final judgment in *Rasho* (*Id.*) (quoting Doc. 444 at p. 11). Plaintiffs also provide a few other quotations wherein the Court was critical of Defendant's arguments, such as the Court's rejection of Defendant's argument that due process is generally not required for restrictive housing stays that are under 90 days long (*Id.*) (citing Doc. 444 at p. 31). And Plaintiffs point out that Defendant was sanctioned for her initial summary judgment

filing (*Id.* citing Doc. 442).⁴ But, rather than expounding further, the "background" section wraps up by simply saying "[o]ther examples abound." (Doc. 448 at p. 5).

Significantly, while the Court's Orders were critical of several arguments raised in Defendant's motions, such criticism alone neither demonstrates frivolity nor necessitates sanctions. Again, the legal standards applicable to Defendant's Summary Judgment Motion and Daubert Motion are not the same as those applicable to a motion for sanctions under Rule 11. *See Fletcher*, 145 F.4th at 763. Instead, under Rule 11, the Court must determine whether Defendant's filings were baseless, such that they were objectively unreasonable under the circumstances of the case. *Mazurek*, 110 F.4th at 942. "But a case is not frivolous, nor is a factual presentation baseless just because it crumbles at summary judgment." *Id.* at 944 (citation omitted). "The focus of the rule is conduct and not result; losing a legal challenge or motion, by itself, is not a reason for sanctions." *Id.* at 942.

Needless to say, Plaintiffs' motion fails to sufficiently explain why Defendant's two filings were objectively unreasonable under the circumstances of this case. *Id. See also Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994) ("We determine whether a party's conduct was imposed for an improper purpose by an objective standard."). Viewed broadly, there can be no doubt that it was not objectively unreasonable for Defendant to attempt to avoid a prolonged and contentious trial by moving for summary judgment, or to minimize the challenges faced at that trial by

---

⁴ In this regard, the Court does not believe it would be appropriate to rely upon the Court's prior Sanctions Order (Doc. 442) to justify the additional sanctions Plaintiffs requested. The reasons why the Court sanctioned Defendant in that Order are distinct from those presented here (*see Id.*). And in any event, Defendant has already been sanctioned for that conduct.

limiting Plaintiffs' experts. *Pac. Dunlop Holdings*, 22 F.3d at 119 ("[Party] should not be penalized for a course of conduct that, if successful, could have led to substantial savings of time and expense."). Moreover, to the extent Plaintiffs believe specific arguments raised in Defendant's motions were frivolous (or otherwise made for an improper purpose), then they should have explained why that was readily apparent or would have been readily apparent had Defense Counsel conducted a reasonable inquiry into that specific topic. *See Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Services, Inc.*, 9 F.3d 1263, 1270 (7th Cir. 1993) ("But the Court must first determine if the attorney signing the pleading subjectively believed that what is stated in that pleading 'is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed from any improper purpose . . . .'"). Put another way, as the movant, Plaintiffs' motion should have connected the dots by explaining why the individual legal arguments raised in Defendant's motions were frivolous under existing caselaw.

Furthermore, to the extent possible, the Court has considered the individual quotations tendered by Plaintiffs, (*see* Doc. 448 at p. 5), and found them to be equally unavailing. However, the Court does not believe it appropriate to expend further judicial resources addressing and expanding upon the quotations contained in the background section of Plaintiffs' motion to determine whether Defendant's underlying arguments were groundless (*Id.*). Nor will the Court comb through the voluminous briefing to find the "other examples" that "abound" that Plaintiffs did not elaborate on (*Id.*). Plaintiffs

bore the burden of raising those arguments, not the Court. And because Plaintiffs did not do so, neither will the Court.

In conclusion, Plaintiffs' Motion for Sanctions falls well short of making a *prima facie* showing of sanctionable conduct, let alone meeting the high burden of showing that Rule 11 sanctions are warranted. *See supra* FN 3. Consequently, Plaintiffs' Motion for Sanctions is denied (Doc. 448).

## CONCLUSION

For the reasons discussed above, Plaintiffs' Motion for Sanctions (Doc. 448) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  September 2, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
